Edwin J. Carpenter, Jr., Esq. City Attorney, Corning
You have inquired whether a five to four vote of a city common council composed of ten members and a mayor, who may only vote to break a tie, is sufficient to take action. Whenever three or more public officers exercise power, a majority of the whole number of such body constitutes a quorum and not less than the majority of the whole number may perform and exercise the power (General Construction Law, § 41). "Whole number" means the total number which the board or group of officers would have if there were no vacancies or disqualifications (ibid.). See Matter ofSmithtown v Howell, 31 N.Y.2d 365, 376-378 (1972), and Savatgy v City ofKingston, 20 N.Y.2d 258 (1967). Under the scenario you have presented, the mayor would not be counted in that there is no tie. A majority of the whole number of the council (ten) would be necessary in order to take action. Thus, six votes are needed.
Second, you ask whether section 20(32) of the General City Law supersedes your locally established police commission.
The city has by ordinance, under the provisions of its city charter, established a police commission empowered to establish rules and regulations for the control of motor vehicles within the city. Subsequently, section 20(32) was enacted to empower the governing body of a city to establish by resolution a board, commission or department of traffic control to regulate vehicular and pedestrian traffic.
In our view, section 20(32) of the General City Law, by its terms, was not intended to supersede existing local enactments. Section 20 is a delegation of authority to cities. It does not mandate that action be taken. Further, subdivision 32 does not establish an exclusive mechanism for the establishment of an administrative body to control traffic. Only "[u]pon the adoption of a resolution creating such a traffic agency . . ." will the powers and duties vested in an existing traffic agency devolve upon the new agency created under section 20(32) of the General City Law. The clear implication is that if a resolution authorized by section 20(32) is not enacted, the existing traffic agency will continue in existence.
We conclude that a majority vote of the whole number of the common council is necessary to take action. Section 20(32) of the General City Law does not supersede local legislation establishing city traffic agencies.